UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN DARRYL JOHNSON )
and DANA JOHNSON, husband and wife, )
12511 Sandra Lee Court )       Civil Action No. _____
Monrovia, Maryland  21770-9032 )
 )
            Plaintiffs, )
 )
    vs. )
 )
EUROCOPTER S.A.S. )
Serve: Aeroport International Marseille Provence )
       13725 Marignane Cedex )
       France )
 )
and )
 )
AMERICAN EUROCOPTER LLC )
Serve: Kevin C. Cananiss, Esq. )
       2701 N. Forum Drive )
       Grand Prairie, Texas  75052-8927 )
 )
and )
 )
UNITED TECHNOLOGIES CORPORATION )
Serve: C T Corporation System )
       1015 15th Street, N.W., Suite 1000 )
       Washington, D.C.  20005 )
and )
 )
UNITED TECHNOLOGIES CORPORATION, )
D/B/A PRATT & WHITNEY )
Serve: C T Corporation System )
       1015 15th Street, N.W., Suite 1000 )
       Washington, D.C.  20005 )
 )
and )
 )

1

PRATT & WHITNEY CANADA CORPORATION )
Serve: Pratt & Whitney Canada Corporation )
     1000 Boulevard Marie-Victorin )
     Longueuil, Quebec  J4G 1A1 )
     Canada )
      )
and )
      )
HAMILTON SUNDSTRAND CORPORATION )
Serve: C T Corporation System )
     1 Corporate Center, 11th Floor )
     Hartford, Connecticut  06103-3204 )
      )
               **Defendants.** )
      )

## COMPLAINT FOR MONEY DAMAGES

Plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON, husband and wife, by their attorneys BODE & GRENIER, LLP and KREINDLER & KREINDLER LLP respectfully allege:

### JURISDICTION

1.     Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, in that at all times relevant to this complaint plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON, husband and wife, are and were residents and citizens of Maryland; defendant EUROCOPTER S.A.S. ("EUROCOPTER") is a French corporation with its principal place of business in the Republic of France; defendant American Eurocopter LLC ("AMERICAN EUROCOPTER") is a Delaware corporation with its principal place of business in Texas; UNITED TECHNOLOGIES CORPORATION ("UTC") is a Delaware corporation with its principal place of business in Connecticut; UNITED TECHNOLOGIES CORPORATION, doing business as PRATT & WHITNEY ("PRATT & WHITNEY"), is a division of defendant UTC with its principal place of business in Connecticut; PRATT & WHITNEY CANADA

CORPORATION ("PRATT & WHITNEY CANADA"), a subsidiary of defendant UTC, is a Canadian corporation with its principal place of business in Quebec; HAMILTON SUNDSTRAND CORPORATION ("HAMILTON SUNDSTRAND"), a subsidiary of defendant UTC, is a Delaware corporation with its principal place of business in Connecticut; and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     Venue exists in this District in that the requirements of 28 U.S.C. § 1391 are satisfied as set forth above, inasmuch as the defendants, and each of them, conduct substantial business in and are subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to this litigation, to include the crash of the Eurocopter EC135 helicopter (the "subject EC135 helicopter"), which caused plaintiffs' injuries, occurred in this District.

## BACKGROUND

3.     On May 30, 2006, plaintiff BENJAMIN DARRYL JOHNSON was a medivac helicopter pilot engaged in providing emergency medivac transportation for the citizens of the District of Columbia, Virginia, and Maryland to various medical and trauma facilities throughout that region.

4.     On May 30, 2006, at approximately 4:45 P.M. EDT, BENJAMIN DARRYL JOHNSON was piloting the subject EC135 helicopter, Federal Aviation Administration registration number N601FH, serial number 0069, when it experienced a flight control malfunction causing a large excursion from controlled flight and loss of control, each of which caused it to descend and crash into the earth's surface in the vicinity of the Washington Medical Center, Washington, D.C. (the "subject crash").

3

5.      Defendants, and each of them, were and are engaged in the business of manufacturing, designing, assembling, inspecting, distributing, selling, leasing, servicing, maintaining and/or repairing the subject model EC135 helicopter, its associated twin PW206B engines and full authority digital engine control ("FADEC") systems, and writing and/or approving instructions and warnings for the subject EC135 helicopter model, its associated PW206B engines and FADEC systems, to include, but not limited to, their flight and operation manuals, maintenance manuals, maintenance and repair instructions, service bulletins, inspection schedules and service life schedules.

6.      By reason of the foregoing, plaintiff BENJAMIN DARRYL JOHNSON has suffered and will continue to suffer severe and permanent bodily and emotional injuries and damages, including pain, suffering, fright, fear of impending death, loss of the enjoyment of life, medical expenses, loss of earnings and other damages.

7.      As a result of the bodily and emotional injuries suffered by her husband, plaintiff/wife DANA JOHNSON has been deprived of the services, society, advice, counsel, comfort, companionship and consortium of her husband, BENJAMIN DARRYL JOHNSON.

## FIRST CLAIM FOR DAMAGES AGAINST
## ALL DEFENDANTS BASED ON NEGLIGENCE

8.      Plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON restate the allegations of paragraphs 1 through 7 above.

9.      At all times material hereto, defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, owed plaintiffs a duty to exercise reasonable care in the design, manufacture, assembly, inspection, testing, distribution, sale, servicing,

4

maintenance, overhaul and repair of the subject EC135 helicopter and its component parts, including its twin PW206B engines and FADEC systems.

10.    Defendants, and each of them, breached their duties to exercise reasonable care and said crash and injuries were caused by negligence, including negligence of its officers, agents, employees and servants, of defendants, and each of them, in that they negligently manufactured, designed, assembled, inspected, tested, distributed, sold, serviced, maintained, overhauled and repaired the subject EC135 helicopter and its component parts, including its twin PW206B engines and FADEC systems, and negligently developed training materials and operating and emergency and maintenance procedures for the subject EC135 helicopter and its component parts, including its twin PW206B engines and FADEC systems.

11.    The malfunction and loss of control on May 30, 2006 that led to the crash of the subject EC135 helicopter were caused by defendants' negligence in designing, developing, manufacturing, assembling, testing, servicing, inspecting, maintaining, overhauling, repairing, renovating and remanufacturing the subject EC135 helicopter, including its twin PW206B engines and FADEC systems, and instructions and warnings.

12.    As a direct and proximate result of the foregoing negligence of defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, plaintiffs have suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00), costs and such further relief as directed by the Court.

WHEREFORE, plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON are entitled to a judgment against defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC,

PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00), which shall be proven at trial, together with interest, costs and other damages that the Court may deem just under the circumstances of this case.

### SECOND CLAIM FOR DAMAGES AGAINST ALL DEFENDANTS BASED ON STRICT PRODUCTS LIABILITY

13.     Plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON restate the allegations of paragraphs 1 through 12 above.

14.     On May 30, 2006, the subject EC135 helicopter and its twin PW206B engines and FADEC systems were being operated and used for the purpose and in the manner for which they were designed, manufactured, assembled, tested, serviced, distributed and sold and intended to be used in a manner foreseeable to defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them.

15.     On May 30, 2006, the subject EC135 helicopter and its twin PW206B engines and FADEC systems, including its accompanying written manuals, procedures, instructions and warnings, were defective and unreasonably dangerous and unsafe by reason of the defective design, manufacture, assembly, inspection, testing, sale, service, repair, overhaul and maintenance of the subject EC135 helicopter and its twin PW206B engines, FADEC systems, and component parts and accompanying warnings, instructions and manuals.

16.     On May 30, 2006, defendants, and each of them, were required to design, manufacture and sell the subject EC135 helicopter, including its twin PW206B engines, FADEC systems, and  associated components, so pilots could safely fly the helicopter in all foreseeable

6

phases of flight; however, the subject EC135 helicopter, including its twin PW206B engines, FADEC systems, and associated components, were not adequately designed and/or manufactured to prevent a catastrophic flight control malfunction and were instead susceptible to in-flight failure, thus causing the subject helicopter to be unreasonably dangerous and unsafe.

17.    The subject May 30, 2006 crash, and resulting injuries, were caused by the aforementioned defective, unreasonably dangerous and unsafe conditions of the subject EC135 helicopter and its twin PW206B engines, FADEC systems, and component parts and accompanying warnings, instructions and manuals.

18.    As a direct and proximate result of the foregoing defective conditions of the subject EC135 helicopter and its twin PW206B engines and FADEC systems, and component parts and accompanying warnings, instructions and manuals, defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, caused plaintiffs to suffer substantial damages, including, *inter alia*, those set forth more fully above, and in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00), costs and such further relief as directed by the Court.

WHEREFORE, plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON are entitled to a judgment against defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00), which shall be proven at trial, together with interest, costs and other damages that the Court may deem just under the circumstances of this case.

## THIRD CLAIM FOR DAMAGES AGAINST ALL
## DEFENDANTS BASED ON BREACH OF WARRANTY

19.     Plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON restate the allegations of paragraphs 1 through 18 above.

20.     Prior to May 30, 2006, defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA, and HAMILTON SUNDSTRAND, and each of them, warranted and represented that the subject EC135 helicopter and its twin PW206B engines, FADEC systems, and component parts and accompanying warnings, instructions and manuals, were airworthy, of merchantable quality, fit and safe for the purposes for which they were designed, manufactured, assembled, sold, installed, tested, maintained and repaired, and were free from all defects.

21.     Defendants, and each of them, breached said warranties in that the subject EC135 helicopter and its twin PW206B engines, FADEC systems, and component parts and accompanying warnings, instructions and manuals, were not airworthy, not of merchantable quality, and not fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, intended and used, and further were not free from all defects.

22.     The subject May 30, 2006 crash, and resulting injuries, were caused by the defendants' breach of aforementioned warranties.

23.     As a proximate cause of said breach of warranties by defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, plaintiffs have suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount not less than

8

FIVE MILLION DOLLARS ($5,000,000.00), costs and such further relief as directed by the Court.

WHEREFORE, plaintiffs BENJAMIN DARRYL JOHNSON and DANA JOHNSON are entitled to a judgment against defendants EUROCOPTER, AMERICAN EUROCOPTER, UTC, PRATT & WHITNEY, PRATT & WHITNEY CANADA and HAMILTON SUNDSTRAND, and each of them, in an amount not less than FIVE MILLION DOLLARS ($5,000,000.00), which shall be proven at trial, together with interest, costs and other damages that the Court may deem just under the circumstances of this case.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

By:    Peter C. Grenier, Esq. (D.C. Bar #418570)
       Michael K. Hibey, Esq. (D.C. Bar #502890)
       BODE & GRENIER, LLP
       1150 Connecticut Avenue, N.W., 9th Fl.
       Washington, D.C. 20036
       Phone (202) 828-4100
       Facsimile (202) 828-4130
       pgrenier@bode.com
       mhibey@bode.com

       Francis G. Fleming, Esq.
       Robert J. Spragg, Esq.
       KREINDLER & KREINDLER LLP
       100 Park Avenue, 18th Fl.
       New York, NY 10017
       Phone (212) 687-8181
       Facsimile (212) 972-9432
       ffleming@kreindler.com
       rspragg@kreinder.com

**Dated: May 29, 2008**                              *Attorneys for Plaintiffs*

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Benjamin Darryl Johnson and Dana Johnson | Eurocopter, S.A.S.; American Eurocopter LLC; United Technologies Corporation; United Technologies Corporation, D/B/A Pratt & Whitney; Pratt & Whitney Canada Corporation; Hamilton Sundstrand Corporation |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Peter C. Grenier, Esq. (D.C. Bar #418570)<br>Michael K. Hibey, Esq. (D.C. Bar #502890)<br>Bode & Grenier, LLP<br>1150 Connecticut Ave., NW, Ninth Floor<br>Washington, DC 20036 - (202) 828-4100 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

◉ **B.** *Personal Injury/ Malpractice*

☒ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)*          OR          ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original
Proceeding  ○ 2 Removed
from State
Court  ○ 3 Remanded from
Appellate Court  ○ 4 Reinstated
or Reopened  ○ 5 Transferred from
another district
(specify)  ○ 6 Multi district
Litigation  ○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1332 -- Airplane (Helicopter) Negligence, Strict Products Liability, and Breach of Warranty

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** 5,000,000.00  Check YES only if demanded in complaint

**JURY DEMAND:**  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 5/29/08  SIGNATURE OF ATTORNEY OF RECORD  _Peter C. Lemsa_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.